UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

RACHEL FUCHS, EXECUTRIX, ET AL.,

Plaintiffs,

- vs -

THE DOW CHEMICAL COMPANY, ET AL.,

Defendants.

NOTICE OF
MOTION TO AMEND
DISCOVERY SCHEDULE

Civil Action No.
3:02-CV-00405 (glg)

PLEASE TAKE NOTICE, that upon the annexed Joint Motion for Revised Scheduling Order, sworn to March 29-30, 2004, together with exhibit, and upon all prior pleadings and proceedings, plaintiff, Rachel Fuchs, Executrix, et al., and the defendant, The Dow Chemical Company ("TDCC"), by and through their attorneys will move this Court (Honorable Magistrate Judge William I. Garfinkel) pursuant to FRCP 16 and 26(f), at a date and time to be set by the Court, for an Order modifying the Scheduling Order to establish a modified discovery schedule. Oral argument is not requested.

Dated:    Buffalo, New York
          March 29, 2004

NIXON PEABODY LLP

By
    Laurie Styka Bloom, Esq.

(Connecticut Federal Bar Number CT 24285)
1600 Main Place Tower
Buffalo, NY 14202
(716) 853-8100

JOHN J. ESPOSITO, P.C.

By
    John J. Esposito, Esq.
(Connecticut Federal Bar Number CT 12646)
373 Humphrey Street
New Haven, CT 06511
(203) 787-0154
Attorneys for Plaintiff

B65991.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

RACHEL FUCHS, EXECUTRIX, ET AL.,

                                  Plaintiffs,

    - vs -

THE DOW CHEMICAL COMPANY, ET AL.,

                                 Defendants.

**JOINT MOTION FOR REVISED
SCHEDULING ORDER**

Civil Action No.
3:02-CV-00405 (glg)

PLEASE TAKE NOTICE, that upon this Joint Motion, Plaintiff Rachel Fuchs and defendant The Dow Chemical Company ("TDCC") by and through their respective counsel move this Court (Honorable Magistrate Judge William I. Garfinkel) pursuant to Federal Rules of Civil Procedure 16, for an Order modifying the Scheduling Order as set forth herein. Oral argument is not requested.

    1.      The parties have completed most, if not all discovery, except expert discovery. Specifically, depositions of plaintiff, plaintiff's daughter, plaintiff's decedent's treating physicians, and a representative of intervenor plaintiff Honeywell have all been completed.

    2.      Plaintiff's counsel has been delayed in obtaining an expert report from his expert and disclosing such expert due to the unavailability of his expert and due to the need to coordinate expert reports and testimony in this case with the underlying Workers Compensation case relative to Plaintiff's decedent. No depositions of plaintiff's expert have occurred, nor has TDCC identified its defense experts since such designation must await expert designation by plaintiff.

B65065.1