UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RACHEL FUCHS, EXECUTRIX, ET AL., <br><br> Plaintiffs, <br> - vs - <br><br> THE DOW CHEMICAL COMPANY, ET AL., <br><br> Defendants. | **JOINT MOTION FOR REVISED SCHEDULING ORDER** <br><br> Civil Action No. <br> 3:02-CV-00405 (EBB) |

PLEASE TAKE NOTICE, that upon this Joint Motion, Plaintiff Rachel Fuchs and defendant The Dow Chemical Company ("TDCC") by and through their respective counsel move this Court pursuant to Federal Rules of Civil Procedure 16, for an Order modifying the Scheduling Order as set forth herein. Oral argument is not requested.

1. This case was recently reassigned from the Honorable Gerard L. Goettel to the Honorable Ellen Bree Burns.

2. In this case, plaintiff alleges that her husband suffered personal injury and death as a result of alleged exposure to 1,1,1 Trichloroethane allegedly supplied by defendant The Dow Chemical Company ("TDCC") to plaintiff's decedent's employer, the intervenor-plaintiff Allied/Textron/Honeywell's plant located in Stratford, Connecticut.

3. The parties have completed most discovery. Expert discovery, however, is not complete.

2. The Scheduling Order currently in place called for Plaintiff and intervenor plaintiff Honeywell to identify and serve the reports of their expert witnesses by April 15, 2004. On or about April 14, 2004, Plaintiff served her expert disclosures and identified three experts,

B67939.1

two medical doctors and an economist. Shortly thereafter, intervenor plaintiff Honeywell served its expert disclosure, which was identical to the disclosure served by plaintiff. While the same three experts were identified by plaintiff and intervenor plaintiff, no expert reports in compliance with Federal Rules of Civil Procedure were served for any expert.

3. Plaintiff's counsel has been working on obtaining the required expert reports and advises that he will supplement his disclosure by providing all outstanding reports by August 15, 2004. The report of plaintiff's expert, Dr. Mark Cullen, has been provided and his deposition is scheduled for July 12, 2004. The depositions of Dr. Woods and Steven Shapiro, plaintiff's economic expert, have not yet been scheduled, but will be scheduled as soon as their reports are received.

4. Because the expert reports have not yet been provided to TDCC and the experts cannot be deposed until their reports have been provided, defendant Dow has not been able to finalize its own experts. TDCC will not be in a position to disclose its experts until plaintiff and intervenor plaintiff's expert reports are received and the experts are deposed.

5. The parties therefore request additional time to complete expert discovery. More specifically, the parties propose the following modified schedule:

| | |
|---|---|
| August 15, 2004 | Plaintiff and intervenor-plaintiff to provide expert reports for their previously identified experts |
| September 15, 2004 | Last day for defendant to depose plaintiffs' experts |
| October 15, 2004 | Defendant to designate experts and serve reports of expert witnesses |
| November 30, 2004 | Last day for plaintiff to depose defendant's experts |
| November 30, 2004 | Last day to complete discovery |

The parties are in agreement with this modified schedule and no further modifications are

B67939.1

anticipated.

6. A proposed scheduling order incorporating the above dates is attached.

Dated:  Buffalo, New York
         July 13, 2004

| JOHN J. ESPOSITO, P.C. | NIXON PEABODY, LLP |
|---|---|
| By: _____ | By: _____ |
| John J. Esposito, Jr., Esq. | Laurie Styka Bloom, Esq. |
| Connecticut Federal Bar Number: 12626 | (Connecticut Federal Bar Number CT 24285) |
| 375 Humphrey Street | 1600 Main Place Tower |
| New Haven, CT 06511 | Buffalo, NY 14202 |
| | (716) 853-8100 |
| Attorneys for Plaintiff | Attorneys for Defendant TDCC |

B67939.1